The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Michael Leroy RAEL, Defendant-Appellant.

No. 83CA0506.

Colorado Court of Appeals, Div. II.

April 5, 1984.

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.*, Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Goranson, Philibosian & Gunther, P.C., Roger W. Westlund, Denver, for defendant-appellant.

BABCOCK, Judge.

Defendant appeals from an order denying his Crim.P. 35 motion. He alleges that he was denied effective assistance of counsel and that the sentence was excessive and illegal. We affirm in part, reverse in part, and remand with directions.

Pursuant to a plea agreement whereby the prosecution agreed to dismiss four other counts, defendant pled guilty to child abuse resulting in death, a class three felony. The court sentenced the defendant to fifteen years plus one year of parole which exceeded the presumptive range for a class three felony.

The defendant appealed the sentence alleging that he had been denied effective assistance of counsel and that the sentence was unjustified. This court refused to consider the ineffective assistance claims because they were not raised in the trial court. The sentence was otherwise affirmed. *People v. Rael,* (Colo.App. No. 82CA0163, January 27, 1983) (not selected for official publication).

In April 1982, defendant filed three successive motions for post-conviction relief. The trial court denied the motions without a hearing and failed to enter findings of fact or conclusions of law.

## I.

Defendant first contends that the record demonstrates ineffective assistance of counsel relative to pre-trial preparation, plea advice, and sentencing. The prosecution asserts that the record refutes these claims and, alternatively, that the case should be remanded for a hearing. We hold that defendant's allegations concerning counsel's plea advice warrant a hearing.

In a Crim.P. 35 proceeding the court must grant a hearing unless the record *clearly* establishes that defendant is not entitled to relief or that the motion lacks factual allegations sufficient to support a constitutional claim. Crim.P. 35(c)(3); *People v. Trujillo*, 190 Colo. 497, 549 P.2d 1312 (1976).

Generally, trial counsel's erroneous assessment of the probable sentence does not constitute ineffective assistance of counsel; however, a statement of promise as to the sentence to be imposed, rather than an expression of opinion only, may constitute such ineffective assistance. *United States ex rel. Scott v. Mancusi*, 429 F.2d 104 (2d Cir.1970), *cert. denied*, 402 U.S. 909, 91 S.Ct. 1385, 28 L.Ed.2d 651 (1971). And, deliberate misrepresentations concerning sentencing which induce a guilty plea may also constitute ineffective assistance. *See Mosher v. LaVallee*, 351 F.Supp. 1101 (S.D.N.Y.1972), *aff'd*, 491 F.2d 1346 (2d Cir.1974), *cert. denied*, 416 U.S. 906, 94 S.Ct. 1611, 40 L.Ed.2d 111 (1974); I *ABA, Standards for Criminal Justice* Standard, 4–5.1(b) (2d ed. 1982). Here, defendant alleged that counsel advised him to accept the plea bargain and stated he *"knew* that the court would not aggravate/increase the maximum sentence." (emphasis added)

Defendant's allegation raises a factual issue concerning the propriety of counsel's plea advice, *i.e.*, whether the statement was in fact made as alleged, and if so, was it a promise or a deliberate misrepresentation which caused defendant to plead guilty. Because this allegation concerns events occurring outside the record, we decline the prosecution's invitation to assume that defendant's providency inquiry dispelled the effects of the allegedly tainted advice. *See Von Pickrell v. People*, 163 Colo. 591, 431 P.2d 1003 (1967).

## II.

Defendant also contends that his sentence was illegal and excessive because the trial court erred in finding extraordinary aggravating circumstances. *See* § 18–1–105(6), C.R.S. (1983 Cum.Supp.). Defendant's arguments concerning the legality and propriety of the sentence were fully adjudicated on direct appeal. Thus, they are not subject to review in a Crim.P. 35 proceeding. *See People v. Bradley*, 169 Colo. 262, 455 P.2d 199 (1969).

In reaching this result, we express no opinion concerning the adequacy of representation during the sentencing phase. As this issue was not determined in a prior proceeding, the trial court may hold a hearing on the issue or dismiss the claim with appropriate findings. *See People v. McCall*, 662 P.2d 178 (Colo.1983).

The order is affirmed insofar as it upheld the legality and propriety of the sentence. That part of the order denying a hearing concerning the adequacy of trial counsel's plea advice is reversed and the cause is remanded for a hearing on this issue and such other issues as the trial court deems appropriate. The trial court shall make findings of fact and conclusions of law as required by Crim.P. 35(c)(3).

BERMAN and KELLY, JJ., concur.