**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Maximillian J. LEWIS, Defendant–Appellant.**

**No. 90CA2043.**

Colorado Court of Appeals, Div. V.

Sept. 10, 1992.

Rehearing Denied Oct. 8, 1992.

Certiorari Denied March 29, 1993.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timo-

thy M. Tymkovich, Sol. Gen., Cheryl A. Linden, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Holland, Seelen & Pagliuca, Jeffrey S. Pagliuca, Denver, for defendant-appellant.

Opinion by Chief Judge STERNBERG.

The defendant, Maximillian J. Lewis, appeals the trial court's order denying his motion to withdraw his guilty plea pursuant to Crim.P. 32(d). We affirm.

Defendant contends on appeal that the trial court abused its discretion in denying his motion. He maintains that the uncontroverted evidence established that he was intoxicated at the time of his plea. We find no abuse of discretion.

Prior to accepting the defendant's plea of guilty to second degree assault and criminal possession of a second degree forged instrument, the trial court conducted an extensive providency hearing. At that hearing the court asked the defendant if he was taking any medication. The defendant stated that he was "taking Dilantin and Librium," but had not ingested any medication for two days. The defendant also stated that he felt "good" that day and that there was no reason he could not understand what was transpiring in the courtroom. His attorney stated that he had an opportunity to speak to the defendant at length that morning and that the defendant was competent to proceed.

■ At the hearing on defendant's motion to withdraw his guilty plea, the defendant, his mother, and his girlfriend testified that he had drunk one and a half pints of wine before entering his guilty plea. The trial court found that defendant had consumed the alcohol and that it believed defendant was "influenced" by it. Nevertheless, the evidence in the record led it to conclude that defendant had the mental capacity to understand the providency hearing. We perceive no inconsistency in these conclusions: One can be affected by alcohol but still have the mental capacity to function intellectually.

The court also found that defendant was well represented and that counsel stated he was competent to proceed. The record of the providency hearing reflects that defendant was composed and articulate throughout the hearing and that he knew he was pleading guilty. Defendant is no stranger to the criminal justice system; indeed, on two previous occasions he had entered pleas of guilty. Thus, the procedures involved in entering a guilty plea in this case were not new or unfamiliar to him. Moreover, the record of the providency hearing itself contains nothing from the defendant or his attorney, either directly or by implication, that would indicate that the defendant was not competent to proceed.

In *United States v. Teller*, 762 F.2d 569 (7th Cir.1985), the court was faced with a factual situation similar to that presented here. Although Teller drank whiskey and took three quaaludes the morning of his hearing, based on the totality of the evidence presented on the issue, the trial court found that Teller had the mental capacity to understand the proceedings, and it refused to allow him to withdraw his guilty plea. In light of record support for that ruling, it was upheld as not being abusive of the court's discretion.

■ While Crim.P. 32(d) authorizes the filing of a motion to withdraw a plea of guilty before sentence is imposed, the burden of demonstrating a "fair and just reason" for withdrawal of the plea rests on the defendant. *People v. Gutierrez*, 622 P.2d 547 (Colo.1981).

■ Such motion is addressed to the sound discretion of the trial court and may not be overturned on appeal absent a finding of an abuse of that discretion. *People v. Chippewa*, 751 P.2d 607 (Colo.1988).

To constitute an abuse of discretion, a court's ruling must be "manifestly arbitrary, unreasonable or unfair." *People v. Milton*, 732 P.2d 1199 (Colo.1987).

Applying these rules to the facts of this case, we conclude, as did the court in *United States v. Teller, supra*, that the trial court did not abuse its discretion.

The order is affirmed.

NEY and VAN CISE *, JJ., concur.