The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

Matthew James DiGUGLIELMO, Defendant–Appellant.

No. 00CA0402.

Colorado Court of Appeals, Division V.

Aug. 30, 2001.

Ken Salazar, Attorney General, David C. Lugert, Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

Meinert & Hodges, L.L.C., Timothy A. Meinert, Anne Hodges–Parmley, Dillon, CO, for Defendant–Appellant.

Opinion by Judge TAUBMAN.

Defendant, Matthew James DiGuglielmo, appeals the trial court's order denying without hearing his Crim. P. 32(d) request to withdraw his guilty plea. Defendant also appeals the trial court's order denying without a hearing his Crim. P. 35(c) motion for postconviction relief. We affirm both orders.

Defendant pled guilty to menacing, a class five felony, under § 18–3–206, C.R.S.2000. The plea agreement provided that the prosecution agreed to a sentence to probation. In connection with his guilty plea, defendant

also completed a written Crim. P. 11 advisement form, which provided at paragraph 8:

Unless I have signed a Stipulation of Deferred Judgment and Sentence, I understand that if the Court accepts a guilty plea to a felony, I will stand convicted of a felony. This felony conviction may be used against me in the future in any proceeding under the habitual criminal laws. If I am granted a Deferred Judgment and Sentence and I violate the terms of the Stipulation for Deferred Judgment and Sentence, I understand that I will then stand convicted of a felony and will come before this Court to be sentenced.

At the providency hearing, the trial court reviewed defendant's plea documents with him and confirmed that his agreement called for a sentence to probation. Sentencing was scheduled for a later date.

Prior to his sentencing hearing, defendant retained new counsel and filed a Crim. P. 32(d) motion to withdraw his plea. Defendant alleged that his previous counsel had misinformed him that he had to plead guilty first before the probation department would consider whether he could receive a deferred judgment and sentence. He alleged that his plea therefore had not been knowing and voluntary because of the misunderstanding regarding the sentence he was to receive. In ruling on the motion, the trial court noted that "Defendant never alleges he was promised a deferred [sentence], or that he entered his plea with that understanding." Concluding that the allegations in defendant's motion amounted to no more than defendant's "wish and hope" that he would receive a deferred judgment and sentence, the court denied the motion without a hearing. Defendant was sentenced to one year of probation.

Defendant immediately filed a Crim. P. 35(c) motion for postconviction relief, in which he alleged that his plea counsel had rendered ineffective assistance by misrepresenting that defendant would receive a deferred judgment and sentence and by failing to advise him of the required statutory procedures for entry of a deferred judgment. The court also denied this motion without a hearing, noting in its written order that "Defendant's version of what [plea counsel] did

here has now changed from what was asserted in [his] Motion to Withdraw Plea."

## I. Crim. P. 32(d) Motion

Defendant asserts that the trial court abused its discretion in denying his motion to withdraw his guilty plea prior to sentencing without holding a hearing. We disagree.

A defendant may not as a matter of right have a guilty plea withdrawn or changed. *People v. Valdez*, 928 P.2d 1387, 1392 (Colo.App.1996). Rather, a defendant has the burden of demonstrating a fair and just reason for the withdrawal of a plea. *People v. Lewis*, 849 P.2d 855, 856 (Colo.App. 1992).

A motion to withdraw a guilty plea is addressed to the sound discretion of the trial court, and its determination may not be overturned on appeal absent an abuse of discretion. To constitute an abuse of discretion, the trial court's ruling denying the motion must be manifestly arbitrary, unreasonable, or unfair. *People v. Lewis, supra.*

Here, as noted, the trial court concluded that a hearing was not necessary because defendant's motion merely alleged, in effect, that he wished and hoped that he would receive a deferred sentence and judgment, but that it was a wish and hope his counsel was unable to effectuate, because the prosecutor would not agree to such a disposition. The court concluded further that defendant did not allege in his motion that he had been promised a deferred sentence or that he had entered his guilty plea with that understanding.

Finally, the trial court concluded that there was no indication that justice would be subverted by the denial of defendant's motion to withdraw his plea and that the record indicated that defendant had simply changed his mind about the disposition to which he had agreed.

Given the allegations contained in the motion and the absence of any requirement that a court hold an evidentiary hearing on a Crim. P. 32(d) motion, we conclude that the trial court did not abuse its discretion in denying defendant's motion.

## II. Crim. P. 35(c) Motion

■ Defendant next contends that the trial court erred in denying his Crim. P. 35(c) motion without holding an evidentiary hearing on his contentions of ineffective assistance of counsel. Again, we disagree.

■ A motion under Crim. P. 35(c) may be dismissed without a hearing if the motion, the files, and the record clearly establish that the defendant is not entitled to relief. *White v. Denver District Court,* 766 P.2d 632 (Colo. 1988); *People v. Hartkemeyer,* 843 P.2d 92 (Colo.App.1992).

■ To establish a claim of ineffective assistance of counsel, a defendant must show that: (1) counsel's performance was outside the wide range of professionally competent assistance; and (2) the defendant was prejudiced by counsel's errors. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *People v. Cole,* 775 P.2d 551 (Colo.1989).

■ The *Strickland* test also applies in the context of a guilty plea. *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). The voluntariness of a guilty plea entered by a defendant represented by counsel depends in part upon whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. *See People v. Pozo,* 746 P.2d 523 (Colo.1987).

■ A defendant alleging ineffective assistance of counsel in a Crim. P. 35(c) motion may be entitled to an evidentiary hearing. *People v. Thomas,* 867 P.2d 880, 886–87 (Colo.1994). Although a trial counsel's erroneous assessment of a probable sentence does not constitute ineffective assistance of counsel, a statement of promise as to the sentence to be imposed, rather than an expression of opinion only, may constitute such ineffective assistance. *People v. Rael,* 681 P.2d 530, 532 (Colo.App.1984). Additionally, deliberate misrepresentations concerning sentencing that induce a guilty plea may also constitute ineffective assistance. *People v. Rael, supra.*

■ If a defendant receives advice, either from counsel or the providency court, that is different from the information contained in the written plea documents, he or she must request clarification from the court when given an opportunity to do so, rather than assert as the basis for postconviction relief that he or she was confused at the providency hearing. *People v. Chavez,* 7 P.3d 1047, 1051 (Colo.App.1999); *see Craig v. People,* 986 P.2d 951, 966 (Colo.1999)(although defendant contended his advisement by the providency court was insufficient, defendant did not request clarification from the trial court).

Here, defendant alleged that his trial counsel misrepresented that he would receive a deferred judgment and sentence and failed to advise him of the correct procedures for entry of a deferred judgment. However, the trial court correctly observed in its denial of defendant's Crim. P. 35(c) motion that defendant had modified the assertions concerning his trial counsel made in his Crim. P. 32(d) motion. As noted above, in his motion to withdraw guilty plea, defendant had not asserted that he had been promised a deferred sentence or that his trial counsel had made any misrepresentations to him.

We conclude that because both the written Crim. P. 11 advisement form and the trial court at the providency hearing specifically addressed the issue of a deferred judgment and sentence, he may not claim misrepresentation as a ground for postconviction relief based on ineffective assistance of counsel. *See People v. Chavez, supra.* At the providency hearing, defendant had an affirmative obligation to request clarification from the court if his understanding of the plea agreement was different from the information contained in the written plea documents and the trial court's colloquy with him. Defendant's failure to do so prevents him from obtaining a hearing on his Crim. P. 35(c) claim based on ineffective assistance of counsel. *See Craig v. People, supra.*

We conclude that *Von Pickrell v. People,* 163 Colo. 591, 431 P.2d 1003 (1967), does not require a different result. There, the supreme court concluded that the defendant was entitled to an evidentiary hearing to establish his claim that he was coerced into entering a guilty plea. In contrast, here, defendant did not allege that his plea was a

result of coercion, but rather that it was based upon a misrepresentation of a possible deferred judgment and sentence. Thus, the *Von Pickrell* court's statements about a defendant's entitlement to a hearing on his Crim. P. 35(c) claims do not apply here.

Additionally, we are not persuaded by *People v. Rael, supra,* to reach a different result. There, a division of this court concluded that because defendant alleged that his counsel made a deliberate misrepresentation regarding sentencing, which directly resulted in his guilty plea, he was entitled to an evidentiary hearing. However, *Rael* is distinguishable because there is no indication in that opinion whether the trial court had advised the defendant there about the issue that was the focus of his claim of misrepresentation. Furthermore, here, defendant does not allege that his counsel's misrepresentation was deliberate.

Accordingly, we conclude that the trial court did not err in denying defendant's Crim. P. 35(c) motion without a holding an evidentiary hearing.

Orders affirmed.

Judge NIETO and Judge STERNBERG * , concur.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S.2000.