Opinion by JUDGE BOORAS
¶ 1 Defendant, Timothy David Smith, appeals the district court's denial, without a hearing, of his Crim. P. 35(c) motion for postconviction relief. We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.
*197 I. Introduction
¶ 2 Under certain circumstances, a trial court may deny a postconviction motion without conducting an evidentiary hearing or notifying either the prosecution or the Public Defender, if "the motion and the files and record" show the defendant is not entitled to relief. Crim. P. 35(c)(3)(IV). If, however, the court requests a response from the prosecution and gives the defendant an opportunity to reply, the court must grant a hearing unless, "based on the pleadings," the court finds that it is appropriate to enter a summary ruling containing written findings of fact and conclusions of law.[1] Crim. P. 35(c)(3)(V).
¶ 3 In this opinion, we determine whether a report, written by an investigator and attached to the prosecution's response to Smith's Crim. P. 35(c) motion, is a part of "the pleadings" as contemplated by Crim. P. 35(c)(3)(V). Under the circumstances of this case, we conclude that it is not.
II. Background
¶ 4 Smith was charged with three sexual offenses after his thirteen-year-old stepdaughter reported to her mother that Smith had repeatedly subjected her to sexual abuse, including sexual intercourse. As the result of an unwritten plea agreement, Smith pleaded guilty to added counts of first degree assault with a deadly weapon and attempted sexual assault on a child by a person in a position of trust. The original charges were dismissed, and Smith was sentenced to a determinate twenty-eight-year term in the custody of the Department of Corrections (DOC).
¶ 5 Acting pro se, Smith timely moved for postconviction relief under Crim. P. 35(c). Among other things, he alleged that his plea counsel was ineffective in failing to enforce a stipulated twenty-year DOC sentence and advise him that, under section 17-22.5-403(2.5), C.R.S. 2016, he would have to serve seventy-five percent of his sentence before he would become parole eligible. He further alleged that plea counsel told him to "ignore" whatever sentencing advisement the court gave him because he "would in fact only receive 20 years."
¶ 6 The district court appointed counsel expounded on Smith's pro se claims in a supplemental motion. In particular, the supplement alleged that plea counsel advised Smith (1) to "remain silent" at the providency hearing in order to receive the promised twenty-year sentence and (2) that he would be eligible for parole after serving fifty percent of his sentence rather than the required seventy-five percent. But for these alleged errors, postconviction counsel asserted, Smith would not have pleaded guilty. Indeed, according to the supplement, Smith asked his plea counsel to withdraw the plea after the providency hearing out of a concern that "there was no mention [of the twenty-year agreement]" during that proceeding. And it alleged that plea counsel refused the request and assured Smith that he would not receive a sentence of more than twenty years.
¶ 7 The supplemental motion also alleged that counsel was ineffective in failing to adequately investigate Smith's mental health status. As relevant here, it alleged that plea counsel failed to "follow[ ] up and address [ ]" Smith's mental health concerns for sentencing purposes. And, it alleged, Smith "was prejudiced by the length of the sentence that was imposed."
¶ 8 The district court sought and received a response from the prosecution, which attached a report authored by the prosecution's investigator. The report stated that the investigator had spoken with Smith's plea counsel, who (1) indicated that it was his practice to "go over every detail regarding the sentencing range and [he] did so with [Smith]" and (2) denied ever stating that Smith's sentence would be "no more" than twenty years. In addition, the report stated that plea counsel "said [Smith] was coherent and displayed cognitive understanding during all aspects of the court process," and counsel "did not observe anything that would rise to the level of legal incompetence." Smith filed a reply that did not specifically challenge the attachment of the investigator's *198 report but rather identified contested issues of fact and requested an evidentiary hearing.
¶ 9 In a written order, the district court denied Smith's motion without holding a hearing. The court noted the prosecution's proffered report, observing that plea counsel was "an officer of the court" and detailing plea counsel's statements to the prosecution's investigator. The court also noted that, at the providency hearing, Smith responded "no" to the court's inquiry into whether he had been promised leniency, favors, or special considerations in exchange for his guilty pleas other than what had been discussed in open court. Lastly, the court found that "trial counsel's sentencing statements" were appropriate "given the information contained in the [presentence investigation report] and offense specific evaluation."
¶ 10 Relying on these facts, the court determined that Smith had failed to meet his burden of demonstrating that plea counsel's performance was deficient because Smith had alleged no credible facts supporting such a finding.
III. Ineffective Assistance of Counsel
¶ 11 On appeal, Smith contends that the district court erred in denying his motion without a hearing because, in his view, he asserted sufficient facts in support of his claim that plea counsel was ineffective in (1) advising him that he would receive a twenty-year sentence and would only have to serve fifty percent of that sentence before becoming parole eligible and (2) failing to present evidence of Smith's mental health problems at sentencing. We agree, in part.
A. Governing Standards
¶ 12 We review de novo the denial of a Crim. P. 35(c) motion without a hearing. People v. Gardner , 250 P.3d 1262, 1266 (Colo. App. 2010). In doing so, we presume the validity of the judgment of conviction. The defendant bears the burden of proving his claims by a preponderance of the evidence. Dunlap v. People , 173 P.3d 1054, 1061 (Colo. 2007).
¶ 13 To establish a claim of ineffective assistance of counsel, a defendant must demonstrate that (1) counsel's performance was outside the wide range of professionally competent assistance and (2) he was prejudiced by counsel's deficient performance. Strickland v. Washington , 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To demonstrate prejudice in the context of a guilty plea, a defendant must show a reasonable probability that, but for counsel's errors or omissions, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart , 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) ; People v. Garcia , 815 P.2d 937, 943 (Colo. 1991).
¶ 14 Counsel's promise regarding the sentence to be imposed, rather than an expression of opinion only, may constitute ineffective assistance. People v. Rael , 681 P.2d 530, 532 (Colo. App. 1984). Likewise, "deliberate misrepresentations concerning sentencing which induce a guilty plea may also constitute ineffective assistance." Id.
B. The District Court's Reliance on the Investigator's Report
¶ 15 Colorado's rules of criminal procedure permit a court to deny a Crim. P. 35(c) motion without conducting an evidentiary hearing if the motion, the files, and the record of the case establish that the defendant is not entitled to relief. Crim. P. 35(c)(3)(IV) ; Ardolino v. People , 69 P.3d 73, 77 (Colo. 2003). Similarly, where, as here, the district court refers the matter for additional briefing, it is permitted to enter a ruling without a hearing if, "based on the pleadings," the court finds that it is appropriate to do so. Crim. P. 35(c)(3)(V).
¶ 16 The term "pleadings" is undefined by Rule 35. But we use principles of statutory construction when interpreting rules of procedure. People v. Stanley , 169 P.3d 258, 260 (Colo. App. 2007). We first give the words of the rules their plain meanings, and if the language is "clear and unambiguous, we need not look further to determine their meaning." Anheuser Busch, Inc. v. Indus. Claim Appeals Office , 28 P.3d 969, 970 (Colo. App. 2001).
¶ 17 Colorado's rules of criminal procedure are promulgated by our supreme court and, *199 in other contexts, that court has made clear that "pleadings" do not encompass attachments to the parties' filings. See C.R.C.P. 12(b) ("If ... matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment ... and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion...."); Bristol Bay Prods., LLC v. Lampack , 2013 CO 60, ¶ 46, 312 P.3d 1155 (consideration of trial transcripts and affidavits from counsel constituted matters beyond the pleadings); Churchey v. Adolph Coors Co. , 759 P.2d 1336, 1339 (Colo. 1988) ("Because [defendant] attached affidavits and exhibits to its motion, the court properly treated [defendant's] motion as one for summary judgment."); see also Crim. P. 12(a) ("Pleadings shall consist of the indictment or information or complaint, or summons and complaint, and the pleas of guilty, not guilty, not guilty by reason of insanity, and nolo contendere.").
¶ 18 Other jurisdictions, in contrast, expressly permit a postconviction court to look beyond the pleadings by directing the parties to expand the record to resolve a postconviction motion without holding an evidentiary hearing. See 28 U.S.C. § 2254 Rule 7 (2012) (allowing a court to receive certain materials-including letters predating the filing of the petition, documents, exhibits, affidavits, and answers under oath to written interrogatories propounded by the judge-in order to resolve a habeas petition without holding an evidentiary hearing); see also Ala. R. Crim. P. 32.9(a) (permitting a court, "in its discretion ... [to] take evidence by affidavits, written interrogatories, or depositions, in lieu of an evidentiary hearing"); Del. Super. Ct. Crim. R. 61(g) (allowing the court to direct the parties to expand the record by the inclusion of additional materials relevant to the determination of the merits of the motion). If a court elects to follow such a procedure, however, it must notify the party against whom the additional materials are offered that it intends to do so in order to give that party an opportunity to counter the proffered evidence. See Yeomans v. State , 195 So.3d 1018, 1051 (Ala. Crim. App. 2013) ; see also 28 U.S.C. § 2254 Rule 7(c) ("The judge must give the party against whom the additional materials are offered an opportunity to admit or deny their correctness.").
¶ 19 Here, the district court relied, in part, on an attachment in determining that Smith was not entitled to relief.[2] Unlike those jurisdictions that provide for record expansion, Colorado's rules of criminal procedure do not plainly provide for such a procedure. Instead, they permit summary disposition either based on the motion, files, and record, or based on the pleadings. See Crim. P. 35(c)(3)(IV)-(V) ; cf. Mims v. State , 672 So.2d 662, 663 (Fla. Dist. Ct. App. 1996) (stating that an affidavit of counsel that was unavailable to the trial court when the postconviction motion was filed is not part of the "files or record" on which the court may solely rely to refute conclusively the defendant's allegations). Because the attachment that the district court considered was not part of the files and record of the case, and did not qualify as a pleading, the district court's reliance on that document was error.
¶ 20 We are not persuaded otherwise by the People's reliance on People v. Lincoln for the proposition that the district court could accept as true the statements plea counsel purportedly made to the prosecutor's investigator because plea counsel is an officer of the court and "must not lie or misrepresent facts to the court." 161 P.3d 1274, 1281 (Colo. 2007). While attorneys are bound by a duty of candor to the court, see Colo. RPC 3.3, we are not convinced that the unsworn hearsay of the prosecutor's investigator permits any conclusion about the credibility of plea counsel. And, as our supreme court has recognized, credibility is best judged through live testimony. People v. Scott , 198 Colo. 371, 373, 600 P.2d 68, 69 (1979) ("A cold record is a poor substitute for live testimony."). Indeed, *200 the attorney in Lincoln , upon whose representations the supreme court ruled the district court could rely, offered them at a hearing. 161 P.3d at 1277.
C. The District Court's Reliance on the Plea Colloquy
¶ 21 We next turn to the district court's reliance on Smith's plea colloquy in denying his claims related to that phase of the proceedings.
¶ 22 A division of this court has held that a defendant has an affirmative obligation to request clarification from the court if his understanding of his plea agreement is different from the information contained in the trial court's colloquy with him. People v. DiGuglielmo , 33 P.3d 1248 (Colo. App. 2001).
¶ 23 Here, Smith was advised by the court of the possible penalties for the offenses to which he was pleading guilty. And, when asked if he understood that the court was not bound by any promises made to him concerning the penalty to be imposed, Smith answered affirmatively. He did not request clarification of the discrepancies between the court's advisement and his understanding of the plea disposition allegedly communicated to him by counsel. However, Smith alleged in his postconviction pleadings that plea counsel had advised him that there would be such discrepancies, and to "ignore" the trial court's sentencing advisement and "remain silent" in order to receive the promised twenty-year sentence. Under these circumstances, we consider DiGuglielmo distinguishable because Smith raises a factual issue about the propriety of counsel's actions that directly bears on whether Smith would have voiced his concerns. Because his allegations concern events occurring outside the record, we decline to assume that the court's plea inquiry "dispelled the effects of the allegedly tainted advice." Rael , 681 P.2d at 532. Thus, to the extent the district court relied on the plea colloquy in determining that Smith failed to allege sufficient facts to warrant a hearing, this, too, was error.
D. Ineffective Assistance at Sentencing
¶ 24 Our conclusions thus far only impact Smith's first claim on appeal, namely his claim that counsel was ineffective during the plea phase of the proceedings. His claim of ineffective assistance at sentencing requires separate analysis because it was resolved primarily based on the existing sentencing record. We agree with the district court's disposition of this claim, albeit for slightly different reasons.
¶ 25 In his postconviction pleadings, Smith alleged that counsel knew that Smith's mental health was deteriorating after he pleaded guilty, but, apart from asking the jail to monitor him, counsel failed to take action or inform the sentencing court of Smith's mental health concerns. But Smith asserted no reason why knowing of this change in his mental health would have persuaded the sentencing court to impose a lesser sentence. Indeed, the presentence investigation report contained in the record indicates the district court was aware that Smith had self-reported depression, anxiety, and suicidal ideation after he entered his plea, and had been taking prescription medications since that time.
¶ 26 Accordingly, we reject this claim because it is conclusory, vague, and lacking in detail, and it fails to adequately allege the required prejudice. See People v. Osorio , 170 P.3d 796, 799 (Colo. App. 2007).
IV. Abandoned Claims
¶ 27 We note that, in his postconviction pleadings, Smith asserted several claims that he does not specifically reassert on appeal. Namely, he alleged generally that his plea was not knowing and voluntary and that counsel provided ineffective assistance by (1) "misleading" him into waiving his right to a preliminary hearing; (2) failing to ensure his mental health issues were not impacting his ability to think clearly at the providency hearing; (3) permitting the use of a waived factual basis to aggravate his sentence; and (4) failing to present an adequate argument at sentencing. In addition, he asserted that the cumulative effect of counsel's alleged errors and omissions deprived him of the effective assistance of counsel. Because Smith did not pursue these claims on appeal, we deem them abandoned. See People v. Rodriguez , 914 P.2d 230, 249 (Colo. 1996) ("[A defendant's]
*201 failure to specifically reassert on ... appeal all of the claims which the district court disposed of ... constitutes a conscious relinquishment of those claims which he does not reassert.").
V. Conclusion
¶ 28 With respect to Smith's claim of ineffective assistance at sentencing, the district court's order stands affirmed. Because Smith alleged sufficient facts to warrant a hearing on his claim of ineffective assistance related to his plea, we reverse the district court's order insofar as it denied that claim, and we remand for a hearing solely on that claim.
JUDGE TERRY and JUDGE BERGER concur.

The change in Crim. P. 35(c)(3)'s terminology from "motion" in subsection (IV) to "pleadings" in subsection (V) indicates that the prosecution's response is a "pleading."

We do not suggest that a party is precluded from attaching an exhibit to a pleading for the court's convenience or to corroborate factual assertions. But it is error for the court to render judgment on the pleadings based on factual allegations that are outside the existing record in the case. See People v. Blehm , 983 P.2d 779, 792 (Colo. 1999) (recognizing that trial court should use postconviction evidentiary hearing to ascertain facts not present in original trial record), modified on other grounds , Moore v. People , 2014 CO 8, 318 P.3d 511.