24CA0127 Peo v Greer 09-04-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0127
City and County of Denver District Court No. 22CR5645
Honorable Christine C. Antoun, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

James Derrick Greer,

Defendant-Appellant.

---

ORDER AFFIRMED

Division V
Opinion by JUDGE JOHNSON
Welling and Grove, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced September 4, 2025

---

Philip J. Weiser, Attorney General, Patrick A. Withers, Assistant Solicitor
General and Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-
Appellee

Phoebe W. Dee, Alternate Defense Counsel, Basalt, Colorado, for Defendant-
Appellant

¶ 1 Defendant, James Derrick Greer (Greer), appeals the postconviction court's order denying his Crim. P. 35(c) motion without a hearing. Greer contends that the court erred by concluding that he did not establish a claim for ineffective assistance of plea counsel. He also contends that the court applied the wrong legal standard. We affirm.

I. Background

¶ 2 The prosecution charged Greer with nine counts of forgery and one count of theft. Greer resolved the underlying case, Denver District Court Case No. 22CR5645, and a related matter, Denver District Court Case No. 22CR1976, in a global disposition.[1] The public defender's office represented Greer in both matters. As part of the global agreement, he pled guilty to one count of theft in Case No. 22CR5645 and one count of check fraud in Case No. 22CR1976.

¶ 3 The district court sentenced Greer to five years in the custody of the Department of Corrections (DOC) on the theft count and to

---

[1] Case No. 23CA2147 is related to but not consolidated with this case. The related case deals with Greer's challenges of the summary denial of his postconviction motions filed in Denver District Court Case No. 22CR1976.

two years in the custody of DOC on the check fraud count, the sentences to run concurrently.

¶ 4 Greer filed three Crim. P. 35(c) motions in this case, which were identical to the three filed in the related case. The court summarily denied Greer's motions without appointing counsel, requiring a response from the prosecution, or holding a hearing. Greer now appeals.

## II. Standard of Review

¶ 5 We review a district court's denial of a Crim. P. 35(c) motion without a hearing de novo. *People v. Cali*, 2020 CO 20, ¶ 14. Whether the postconviction court applied the correct legal standard also presents a question of law that we review de novo. *A.R. v. D.R.*, 2020 CO 10, ¶ 37.

## III. Applicable Law

¶ 6 A court may deny a Crim P. 35(c) motion without an evidentiary hearing if the motion, files, and case record establish the defendant is not entitled to relief. *Ardolino v. People*, 69 P.3d 73, 77 (Colo. 2003). Thus, a summary denial of a postconviction motion is appropriate if (1) the allegations are bare and conclusory; (2) the allegations, even if true, do not warrant postconviction relief;

or (3) the record directly refutes the defendant's claims. *See White v. Denv. Dist. Ct.*, 766 P.2d 632, 634 (Colo. 1988); *People v. Venzor*, 121 P.3d 260, 262 (Colo. App. 2005); *People v. DiGuglielmo*, 33 P.3d 1248, 1251 (Colo. App. 2001). Evidentiary support is not necessary for a Rule 35(c) motion to survive summary denial, but bare assertions are insufficient. *See People v. Bossert*, 772 P.2d 618, 620 (Colo. 1989).

¶ 7    "A criminal defendant is constitutionally entitled to effective assistance from his counsel." *Ardolino*, 69 P.3d at 76. The right to effective assistance of counsel encompasses counsel during the plea-bargaining process. *Lafler v. Cooper*, 566 U.S. 156, 162 (2012). To prevail on an ineffective assistance of counsel claim, a defendant must show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see People v. Washington*, 2014 COA 41, ¶ 18. If the defendant makes an insufficient showing on one prong, the court need not address the other. *Strickland*, 466 U.S. at 697.

¶ 8    To establish deficient performance, the defendant must show that counsel's representation "fell below an objective standard of

3

reasonableness." *Id.* at 687-88. To establish prejudice in the context of plea bargaining, the defendant must show an objectively reasonable probability that, but for counsel's unprofessional errors, he would not have pled guilty and instead insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 57, 59 (1985); *People v. Vicente-Sontay*, 2014 COA 175, ¶ 20.

## IV.   Analysis

¶ 9      Greer contends that the court erred by summarily denying his postconviction motions because he had adequately alleged that his counsel was ineffective by (1) misadvising or failing to advise him of his sentencing exposure if he accepted the plea offer and (2) failing to inform the court that he wanted to withdraw his plea. He also contends that the court applied the wrong legal standard in assessing whether he had adequately alleged prejudice under the second prong of *Strickland.* We discern no error.

### A.   Misadvising or Failing to Advise of Plea Terms

¶ 10      Greer contends that his counsel either misadvised him or failed to advise him at all on the sentencing range of the plea. Specifically, he alleges that due to his wife's ailing health, he had told his counsel that he wanted a plea agreement that limited the

court's sentencing options to probation or community corrections, and that if he had known a prison term was possible, he would not have agreed to it.

¶ 11     In summarily denying this claim, the postconviction court stated, "[A] sentence to probation or Community Corrections would have never been an option in [Greer]'s case." At least as to probation, we are unsure how the court came to this conclusion. We agree with the Attorney General that the plea agreement did not preclude probation. As the presentence investigation (PSI) report reflects, Greer was eligible for probation, though if the court approved it, the probation department recommended certain conditions. As to Greer's contention that he may have been eligible for community corrections, however, the PSI report indicated that he would be ineligible for such a sentence if he had any pending felony dispositions that had not been resolved, was on a deferred judgment or sentence, had a misdemeanor conviction, or was serving a mandatory sentence. Greer, however, did not allege in his postconviction motion that none of these conditions existed at the time of his sentencing. Therefore, based on the existing record, it

appears that Greer was ineligible for a community corrections sentence.

¶ 12 Regardless of the postconviction court's misunderstanding, its summary denial may still be affirmed for two reasons. *See People v. Gutierrez-Vite*, 2014 COA 159, ¶ 11 ("We may affirm a trial court's ruling on grounds different than those employed by the court, so long as the record supports them.").

¶ 13 First, Greer's claim fails because he does not specifically allege what his counsel advised him or did not advise him about his potential sentencing exposure. Indeed, Greer cannot have it both ways. Either his counsel misadvised him or failed to advise him, and he provides no specific facts to support how he was misled or misadvised.

¶ 14 Second, and more importantly, the record refutes Greer's claim. Greer ignores that the plea agreement he signed specifically sets forth that a sentence to the DOC was a possibility, the sentence was left "open" to the court, and Greer was subject to enhanced sentencing. And during the providency hearing, the court told Greer what the presumptive and enhanced sentencing ranges to the DOC were for the offenses to which Greer pled guilty

6

and that "the sentence will be open for [the] Court's determination." Greer confirmed that he understood these provisions of the plea agreement.

¶ 15     At sentencing, Greer's counsel argued for probation, noting that Greer had a sick wife. The prosecution argued for a prison sentence given that these were Greer's "tenth and eleventh felony charges," which supported that Greer was "by no means ready for a community-based sentence" because he would not stop offending. Greer addressed the sentencing court, saying that "if allowed to [be] given the chance to return to the community," he would care for his family and "prove to everybody that" "he was a different person." Greer's own words reflect that he understood that a non-prison sentence was not guaranteed. Accordingly, the record refutes Greer's claim that he believed he was guaranteed a non-prison sentence as part of his plea agreement or that defense counsel did not advise him that a prison sentence was a possible outcome.

¶ 16     Based on this record, we conclude that the postconviction court did not err by summarily denying Greer's motions, as he failed to adequately allege that plea counsel's performance was deficient because the record establishes that Greer understood the

sentencing possibilities in the plea agreement and that he made an informed decision. *See People v. Stovall*, 2012 COA 7M, ¶ 13 ("[A] defendant may challenge [a] guilty plea on the grounds of ineffective assistance of counsel when that challenge goes to the issue of whether the plea was knowingly, voluntarily, and intelligently entered . . . .").

### B. Failing to Move to Withdraw the Plea

¶ 17 Next, Greer claims that he repeatedly told his counsel through text messages and facial expressions in court that he wanted to withdraw his plea when the court unexpectedly sentenced Greer to the DOC. As a result, he claims that plea counsel was duty bound and, therefore, ineffective by failing to file a motion to withdraw the plea.

¶ 18 In denying the motion, the postconviction court reasoned that counsel had no duty to file a motion to withdraw the plea because the plea agreement explicitly contemplated a possible prison term. And the court further reasoned that, even if such a motion had been filed and Greer insisted on going to trial, given the plain terms of the plea agreement, the facts alleged by Greer did not demonstrate deficient performance of counsel.

¶ 19    The postconviction court was correct in summarily denying relief on this claim. To begin, it is not clear from Greer's motion when he asked plea counsel to withdraw his plea. If he asked counsel ahead of sentencing, that shows Greer knew about a possible prison term before the hearing, consistent with the terms of the plea agreement but inconsistent with his other postconviction claim. If, however, he alleges that he told plea counsel during the sentencing hearing, there is no indication in the record that Greer told his counsel to object at sentencing or that Greer raised the issue with the court after sentencing. Regardless, as we have already noted, because the plain terms of the plea agreement refute Greer's sentencing claim, his counsel did not engage in deficient performance by failing to file a motion to withdraw the plea.

C.    Applying the Incorrect Legal Standard

¶ 20    Finally, Greer contends the summary denial order should be vacated because the postconviction court applied the wrong legal standard. We acknowledge that, in its order, the postconviction court initially stated the wrong standard of review. The court said that Greer "must allege and then prove to a standard of the preponderance of the evidence, specific facts which show both that

9

his counsel's performance fell below the standard of care and that counsel's ineffectiveness caused [him] prejudice."

¶ 21 But the court later stated, "[t]o establish prejudice, a defendant must show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" And it cited *Hill*, 474 U.S. at 57, 59 — as we did above — to support that a defendant must prove that, but for counsel's errors, there is a reasonable probability that he would not have pled guilty but insisted on going to trial. Therefore, based on our review of the entirety of the postconviction court's order, we are convinced that the postconviction court applied the correct legal standard *Cf. Washington*, ¶ 28 (holding the postconviction court used the correct burden of proof when it "initially stated that both *Strickland* prongs had to be proven by a preponderance of the evidence, [but] the court thereafter articulated and applied the correct burden of proof" to the prejudice prong).

¶ 22 Moreover, Greer has not demonstrated how, even assuming the court applied the wrong legal standard, the outcome of his

claims would have been different.[2]  Indeed, based on our analysis in Part IV.A and B above, the outcome would not have been different.

## V.     Conclusion

¶ 23     The order is affirmed.

JUDGE WELLING and JUDGE GROVE concur.

---

[2] To the extent Greer raised any other issues in his postconviction motions, he has not reasserted them on appeal, and, therefore, we deem them abandoned.  *See People v. Osorio*, 170 P.3d 796, 801 (Colo. App. 2007).