832 P.2d 790

**In the Matter of Petition for Hearing On Recall of School Board Members.**

**CAPS and Connie Sharp, Petitioners–Appellants,**

v.

**BOARD MEMBERS: Ruben B. Alvarado, Jeannette H. Dickerson, Patsy A. Duran and Jose V. Frietze, Respondents–Appellees.**

No. 20139.

Supreme Court of New Mexico.

May 28, 1992.

Norman E. Todd, Las Cruces, for appellants.

Simons, Cuddy & Friedman, Charlotte H. Hetherington, Santa Fe, for appellee.

OPINION

FRANCHINI, Justice.

This appeal challenges a district court's decision that recall petitions alleging misfeasance in office by four members of a local school board did not state facts sufficient to allow the recall process to continue. On appeal, petitioners argue that: (1) the district court applied the incorrect definition of misfeasance in reaching the determination that the facts alleged in the petitions were insufficient to allow the recall process to continue; and (2) the petitions contained sufficient facts to support charges of misfeasance in office. We affirm the district court's determination.

I

In August 1991, Appellants Citizens Advocating Public Safety (CAPS) submitted petitions to the Dona Ana County Clerk seeking to recall four members of the Las Cruces Public Schools Board of Education, pursuant to the Local School Board Member Recall Act, NMSA 1978, Sections 22–7–1 to –16 (Repl.Pamp.1989) (the Act). The petitions alleged misfeasance in office due to the board members' choice of a site for a new high school. Specific facts recited in support of the charges of misfeasance included allegations that the site was adjacent to a main artery of travel in Las Cruces, existing city utilities did not extend to the site, and since the site was predominately outside the city limits, fire protection would be provided by volunteer community fire departments.

Upon receipt of the petitions, in compliance with Section 22–7–9.1(A) of the Act, the county clerk filed an application for hearing in the district court requesting the court's determination of whether sufficient facts existed to allow CAPS to continue with the recall process. For purposes of the hearing, the district court accepted all of the facts CAPS alleged in the petitions as true, and after hearing the matter in September 1991, determined that the petitions failed to state sufficient facts to allow CAPS to proceed with the recall process.

## II

In New Mexico, the constitutional standard for recall of local school board members requires that "[a] petition for a recall election must cite grounds of malfeasance or misfeasance in office or violation of the oath of office, by the members concerned." N.M. Const. art. XII, § 14. The parties do not dispute the proposition, and we agree, that our constitution provides for recall for cause, and not recall at will. *See In re Recall of Estey*, 104 Wash.2d 597, 707 P.2d 1338, 1340–41 (1985) (distinguishing between recall for cause and recall at will). However, neither the constitution nor the statutory procedures enacted to implement the constitutional mandate define the terms of the articulated standard.

In determining the meaning of the word misfeasance, the trial court found guidance in this court's opinion in *Arellano v. Lopez*, 81 N.M. 389, 467 P.2d 715 (1970). Although *Arellano* deals with the definition of malfeasance, misfeasance is discussed by way of contrast and comparison.

"Misfeasance is sometimes loosely applied in the sense of malfeasance. *Appropriately used, misfeasance has reference to the performance by an officer in his official capacity of a legal act in an improper or illegal manner,* while malfeasance is the doing of an official act in an unlawful manner. *Misfeasance is literally a misdeed or a trespass,* while nonfeasance has reference to the neglect or refusal without sufficient excuse to do that which was an officer's legal duty to do."

*Id.* at 392, 467 P.2d at 718 (emphasis added) (quoting *State ex rel. Hardie v. Coleman,* 115 Fla. 119, 155 So. 129, 132 (1934)). With regard to discretionary acts, *Arellano* further qualifies the definition of malfeasance in that if the act taken by a public official "is discretionary[,] it must have been done with an improper or corrupt motive." *Id.,* 81 N.M. at 392, 467 P.2d at 718. For purposes of this appeal, it is undisputed that the selection, by a local school board, of a site for a new school is a discretionary act within that board's scope of authority. Following *Arellano* with respect to discretionary acts, the trial court concluded that discretionary acts must be done with improper or corrupt motive to rise to the level of misfeasance in office.

Initially, CAPS urges this court to interpret misfeasance to mean " 'the improper doing of an act an officer might lawfully do; or, in other words, it is the performance of a duty in an improper manner.' " *Bocek v. Bayley,* 81 Wash.2d 831, 505 P.2d 814, 817 (1973) (quoting *State v. Miller,* 32 Wash.2d 149, 201 P.2d 136, 138 (1948)), *overruled by Cole v. Webster,* 103 Wash.2d 280, 692 P.2d 799, 804 (1984). This definition was interpreted to include "action taken which is not in the best interests of the majority of the students and constituents of the school district." *Bocek,* 505 P.2d at 817. This broad interpretation conceivably encompasses recall as a response to all discretionary actions taken by a public official, regardless of motive or motivation. We reject this interpretation as incongruous with New Mexico's constitutional standard of recall for cause.

*Cole,* relying in part on its companion case *Chandler v. Otto,* 103 Wash.2d 268, 693 P.2d 71 (1984), overrules *Bocek* and limits the right of recall for discretionary acts "insofar as those acts are an appropriate exercise of discretion." *Cole,* 692 P.2d at 802. Thus, *Cole* enunciates an abuse of discretion standard and explains that "[a] clear abuse of discretion may be shown by demonstrating the discretion was exercised in a manner which was manifestly unreasonable or exercised on untenable grounds or for untenable reasons." *Id.* CAPS ini-

tially relies on the broad construction of misfeasance in *Bocek*, and fails to note that *Cole* specifically overruled *Bocek*. However, CAPS does recognize that *Cole* limits *Bocek* by adopting an abuse of discretion standard and appears to argue alternatively that we should adopt such a standard.

The *Bocek* definition of misfeasance CAPS propounds is in accord with the definition *Arellano* suggests inasmuch as both identify misfeasance as the performance by a public officer, in his official capacity, of an act the officer might lawfully do, in an improper manner. *Arellano* specifically adds that misfeasance also contemplates performance of a legal act in an illegal manner. The tension between the definition the trial court formulated based on *Arellano*, and the definition CAPS suggests flows from *Bocek*, or alternatively from *Cole* and *Chandler*, arises in the application of misfeasance as a ground for recall where the acts in question are discretionary.

Reading *Arellano* as the trial court did, when a public officer has a right to perform an act which is discretionary, the manner in which the discretion is exercised does not rise to the level of misfeasance unless the discretion is exercised with an improper or corrupt motive. *Bocek* would allow recall proceedings to be instituted for virtually any discretionary act. Alternatively, *Cole* and *Chandler* would allow recall on the basis of discretionary acts where those acts constitute an abuse of discretion. Having previously rejected *Bocek*, we proceed to consider only the abuse of discretion standard as opposed to requiring a showing of an improper or corrupt motive.

CAPS submits that the recall provisions exist not simply to remove office holders who have violated the law or committed an illegal act, but to exercise control over elected officials who have committed an act which is arbitrary, capricious, and an abuse of discretion. Such a standard provides a lower threshold to allow a recall to proceed than does a standard requiring the showing of an improper or corrupt motive. We find this view of the recall provisions danger-

ously close to allowing recall at will rather than the constitutionally mandated standard of recall for cause. In addition, CAPS ignores the fact that the trial court's reading of *Arellano* does not limit exercise of the right to recall for misfeasance to illegal acts, but rather requires the showing of an improper or corrupt motive in the performance of a legal act in an improper or illegal manner.

While the right to recall school board members is of paramount importance as a guarantee to the electorate of a mechanism providing for the removal of board members whose acts are improper or illegal, the standard applied to justify recall should be sufficiently limited to avoid employing recall as a means of harassment or for purely political or personal purposes. As this court stated in *Arellano*, "malfeasance should never be inferred or elected officials removed from the office to which the public has elected them without strong proof of wilful and knowing wrongdoing." *Id.*, 81 N.M. at 393, 467 P.2d at 719. This observation is equally compelling with regard to misfeasance. We adopt the definition of misfeasance articulated in *Arellano* as discussed herein, and further hold that conduct constituting misfeasance must evince an improper or corrupt motive.

### III

Given our resolution of the first issue, we need only deal summarily with CAPS' contention that the petitions contained sufficient facts to support a charge of misfeasance in office. It is clear from the record before us that the issue of the location of a new high school in Las Cruces was controversial. The record also indicates that the school board engaged in a site selection process spanning approximately two years, including consideration of fifteen sites, and a myriad of relevant factors. Moreover, we find nothing in the record indicating that any of the challenged board members acted out of an improper or corrupt motive. We agree with the district court that the petitions do not state sufficient facts to allow CAPS to continue with the recall process.

The judgment of the district court is affirmed.

IT IS SO ORDERED.

BACA and FROST, JJ., concur.