This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**SAMMIE SINGH, SR., SAMMIE SINGH, JR., ED PROVENCIO, LUPE GARCIA, JONNY DIAZ and JOHN FLEMING and DR. NATHAN E. BOYD ESTATE, BY JAMES SCOTT BOYD, PERSONAL REPRESENTATIVE, and JAMES SCOTT BOYD, individually,**

Plaintiffs-Appellants,

**v.**                                                                    No. 33,672

**UNITED STATES OF AMERICA, STATE OF NEW MEXICO, ELEPHANT BUTTE IRRIGATION DISTRICT and CITY OF LAS CRUCES,**

Defendants-Appellees.

Consolidated with

**SAMMIE SINGH, SR., SAMMIE SINGH, JR., ED PROVENCIO, LUPE GARCIA, JONNY DIAZ and JOHN FLEMING and DR. NATHAN E. BOYD ESTATE, BY JAMES SCOTT BOYD, PERSONAL REPRESENTATIVE, and JAMES SCOTT BOYD, individually,**

Plaintiffs-Appellants,

**v.**                                                                    No. 33,968

**UNITED STATES OF AMERICA, STATE OF NEW MEXICO, ELEPHANT BUTTE IRRIGATION DISTRICT**

**and CITY OF LAS CRUCES,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**James J. Wechsler, District Judge**

Robert S. Simon
Albuquerque, NM

for Appellants

Environment & Natural Resources Division
United States Department of Justice
Matthew Littleton
Washington, DC

for Appellee United States of America

Law Office of Steven L. Hernandez, P.C.
Samantha R. Barncastle
Las Cruces, NM

for Appellee Elephant Butte Irrigation District

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

{1}    Appellants filed separate appeals from two orders entered by the district court—the February 17, 2014, order granting partial summary judgment on certain issues, denying Appellants' motion for summary judgment, and setting a scheduling conference **[No. 33,968 RP 4664]**, as well as the June 18, 2014, order denying

2

Appellants' motion to stay further proceedings in Stream System 97-104 **[No. 33,968 RP 5335]**. Appellees United States and Elephant Butte Irrigation District filed motions to dismiss each appeal for lack of appellate jurisdiction. Appellants filed responses to the motions to dismiss, and we granted Appellees permission to file a reply brief in Case No. 33,968. Having duly considered each of these filings, we consolidate the appeals and dismiss both for the reasons stated in this Opinion. We note that any citations in this Opinion to the record proper are to the record proper filed in Case No. 33,968, since that record is much less voluminous.

{2}	Initially, we deny Appellants' request to file a sur-reply brief in Case No. 33,968. The sur-reply brief proffered by Appellants is thirty (30) pages long, includes attachments that have been previously submitted to this Court, and offers nothing new for our consideration. Counsel for Appellants is cautioned to refrain from repetitious and burdensome filings in the future.

{3}	We also note that counsel for Appellants has failed to bring up a record adequate to allow us to determine whether we have jurisdiction over either one of these appeals. In both appeals, Appellants requested permission to submit truncated records proper and we granted those requests. Neither submitted record proper contains a copy of the notice of appeal that was allegedly filed to trigger each appeal. Furthermore, we have been unable to confirm the filing of such notices by using the

Odyssey electronic-filing program, because this water-adjudication case does not appear in the Odyssey data-base. We therefore are not able to determine, on the record submitted by Appellants, whether notices of appeal were filed below and, if so, whether those notices were filed in a timely manner. As discussed below, we do not have jurisdiction over either appeal because neither appeal has been taken from a final, appealable order. Therefore, we need not address the notice-of-appeal issue. However, counsel for Appellants should be aware that when a limited record proper is filed, that record proper must contain every document that is necessary to allow us to confirm our authority to consider the appeal.

{4} As Appellants are aware, having had a previous appeal dismissed on lack-of-finality grounds, this Court's jurisdiction lies from final, appealable orders. *See Kelly Inn No. 102, Inc. v. Kapnison*, 1992-NMSC-005, ¶ 14, 113 N.M. 231, 824 P.2d 1033. Generally, an order or judgment is not considered final unless all issues of law and fact have been determined and the case disposed of by the district court to the fullest extent possible. *See id.* In this case it is obvious that neither order disposes of all issues of law and fact in the proceedings out of which the orders arose. As noted above, the first order is a grant of partial summary judgment, a denial of Appellants' motion for summary judgment, and an order concerning scheduling of further proceedings. This order obviously contemplates further proceedings in SS-97-104, the

4

stream-system issue presently being litigated by the parties. Similarly, the June 18, 2014, order simply denies Appellants' motion to stay further proceedings in SS-97-104; denial of a stay does not in any way resolve all issues of law and fact that are presented in a case.

**{5}** Appellants attempt to avoid the above analysis by relying on Rule 1-054(B)(2) NMRA, and by arguing that the district court has fully and finally disposed of all their claims to superior ownership rights to the water claimed by the United States. Appellants argue that those allegedly superior rights arose as a result of fraud committed by agents of the United States over 100 years ago; during the remainder of this opinion we will refer to this argument as Appellants' "superior-title" claim. As a result of several orders entered by the district court, Appellants contend, their superior-title claim has been rejected by that court, with the most recent example of that rejection being the February 17, 2014, order entered in Case No. 33,672.

**{6}** It is true that under Rule 1-054(B)(2), an order that adjudicates all issues as to a party is final and appealable insofar as that party is concerned. However, if any issue remains to be determined with respect to that party, the order will not be appealable. *See Cordova v. Cline*, 2013-NMCA-083, ¶¶ 16-17, 308 P.3d 975 (order dismissing plaintiff's claims was final with respect to defendants who had not filed counterclaims, but was not final as to defendants whose counterclaims remained

5

pending). We must therefore examine the two orders involved in these appeals to determine whether as a result of these orders all issues pertaining to Appellants have been resolved.

{7} We point out first that this case is a stream-system adjudication, and Appellants have presumably all filed claims to water rights that must be addressed. At this point we have been given no information concerning the grounds for those claims; in other words, we do not know whether some or all of the Appellants (who have presented their arguments on appeal as a group rather than as disparate individuals) have claims to water rights that are not dependent on the superior-title claim. If that is the case, then disposing of the superior-title claim would not resolve all of the claims that have been put forth by Appellants in this adjudication. Therefore, even if an order did finally and unfavorably determine the superior-title claim as to Appellants, that order would not be final and appealable until all of Appellants' possible claims to water rights have also been resolved. *See Cordova.*

{8} More fundamentally, it does not appear that the district court has fully and finally resolved Appellants' superior-title claim. We recognize that there is language in the February 2014 order to the effect that the superior-title claim has been previously ruled upon and rejected by the district court. **[No. 33,968 RP 4667-68]** Standing alone, that language implies that the district court does not find the superior-

6

title claim persuasive. However, the February 2014 order merely denies Appellants' motion for summary judgment on the superior-title claim; it does not dismiss any Appellant from the adjudication as a whole or from the SS-97-104 proceeding. Therefore, this order is an interlocutory order that is subject to possible alteration in future proceedings. *See, e.g., Sims v. Sims*, 1996-NMSC-078, ¶ 59, 122 N.M. 618, 930 P.2d 153 ("District courts have plenary power over their interlocutory orders and may revise them . . . at any time prior to final judgment." (citation omitted)).

**{9}** In fact, the June 2014 order denying Appellants' request for a stay clarifies the district court's intent and strongly, if not conclusively, indicates the district court will consider the superior-title issue, either during the SS-97-104 proceeding or during expedited *inter se* proceedings that may be held on a representative basis. **[No. 33,968 RP 5337]** In addition to the district court's mention of the above possibilities, we note that the district court specifically headlined a section of the order as follows: "THE PRE-1906 CLAIMANTS' RIGHTS TO PROJECT DIVERSION WORKS WILL BE DETERMINED IN THIS ADJUDICATION." It is difficult, if not impossible, to interpret this statement in any other way except as an expression of the fact that the district court has yet to resolve the superior-title issue unfavorably to Appellants, and plans to address that issue in subsequent proceedings. We therefore cannot accept

Appellants' contention that the district court has already decided the superior-title issue adversely to Appellants.

{10} We find that the district court has not yet made a final decision disposing of all claims raised in this action by any individual Appellant or by Appellants as a whole. Absent such a final decision, which would be tantamount to dismissing some or all of the Appellants from this adjudication, Rule 1-054(B)(2) does not apply to this situation. Since neither of the orders that are the bases of these appeals is final and appealable, the motions to dismiss each appeal are granted and both appeals are dismissed. Any further pleadings that may be filed in these consolidated appeals shall be filed in Case No. 33,672.

{11}   **IT IS SO ORDERED.**


_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**


_____
**TIMOTHY L. GARCIA, Judge**