# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date: April 7, 2015

**NO. 32,693**

**JAMES FLORES,**

      Plaintiff-Appellant,

v.

**MARY HERRERA, individually and as**
**Secretary of State of the State of New Mexico,**

      Defendant-Appellee,

and

**NO. 33,413**

**MANNY VILDASOL,**

      Plaintiff-Appellee,

v.

**STATE OF NEW MEXICO,**
**SECRETARY OF STATE'S OFFICE**
**and MARY HERRERA,**

      Defendants-Appellants.

**APPEALS FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Sarah M. Singleton, District Judge (No. 32,693)**
**Raymond Z. Ortiz, District Judge (No. 33,413)**

Garcia Ives Nowara
Matthew L. Garcia
Albuquerque, NM

for Appellant Flores

Cuddy & McCarthy, LLP
M. Karen Kilgore
Evelyn A. Peyton
Santa Fe, NM

for Appellee (No. 32,693)

Law Offices of Michael E. Mozes, P.C.
Michael E. Mozes
Albuquerque, NM

for Appellee Vildasol

Hinkle Shanor LLP
Ellen S. Casey
Jaclyn M. McLean
Loren S. Foy
Santa Fe, NM

for Appellants (No. 33,413)

**OPINION**

**SUTIN, Judge.**

{1}     We address two appeals that raise issues concerning the scope of the Whistleblower Protection Act (the Act), NMSA 1978, §§ 10-16C-1 to -6 (2010). During her term as Secretary of State, Defendant Mary Herrera terminated the employment of James Flores and Manny Vildasol. Separately, Mr. Flores and Mr. Vildasol sued Ms. Herrera claiming that, in relevant part, by terminating their employment, Ms. Herrera violated the Act. The two cases were decided by different district judges sitting in the First Judicial District. Ms. Herrera lost the general election in November 2010 and left office at the end of 2010. Mr. Flores filed his lawsuit December 22, 2010. Mr. Vildasol filed his lawsuit in April 2011, after Ms. Herrera had left office. In Cause No. 32,693, Mr. Flores appeals the district court's dismissal of his lawsuit. Cause No. 33,413 is an interlocutory appeal in which Ms. Herrera appeals the district court's denial of her motion to dismiss Mr. Vildasol's lawsuit against her, individually.

{2}     At issue is whether Ms. Herrera may be sued pursuant to the Act in her "individual capacity." We conclude that Ms. Herrera's status as a former officer does not exclude her from the purview of the Act. We further conclude that she may be sued pursuant to the Act in her individual capacity. Accordingly, we affirm the

district court's order denying Ms. Herrera's motion to dismiss Mr. Vildasol's claim under the Act, and we reverse the district court's order dismissing Mr. Flores's claim under the Act.

**BACKGROUND**

{3}     Section 10-16C-3 provides that "[a] public employer shall not take any retaliatory action against a public employee because the public employee" engaged in specified protected activity[1]. The Act defines a "public employee" as "a person who works for or contracts with a public employer[.]" Section 10-16C-2(B). A "public employer" includes "every office or officer" within "state government[.]" Section 10-16C-2(C)(1), (4).

{4}     A public employer that violates the Act

> shall be liable to the public employee for actual damages, reinstatement with the same seniority status that the employee would have had but for the violation, two times the amount of back pay with interest on the back pay and compensation for any special damage sustained as a result of the violation. In addition, an employer shall be required to pay the litigation costs and reasonable attorney fees of the employee.

---

[1]  The protected activity is set out in Section 10-16C-3 and consists of communicating "to the public employer or a third party information about an action or a failure to act that the public employee believes in good faith constitutes an unlawful or improper act"; providing information to or testifying before "a public body as part of an investigation, hearing[,] or inquiry into an unlawful or improper act"; or objecting to or refusing "to participate in an activity, policy[,] or practice that constitutes an unlawful or improper act."

Section 10-16C-4(A).

{5} Ms. Herrera served as Secretary of State from January 2007 through December 2010. Mr. Flores worked as Ms. Herrera's public information officer from January 2007, when Ms. Herrera took office, until September 2010, when Ms. Herrera terminated his employment. Mr. Vildasol was appointed by Ms. Herrera to the position of office administrator in January 2007. Ms. Herrera terminated Mr. Vildasol's employment in September 2010. The details underlying Mr. Flores's and Mr. Vildasol's respective terminations are not relevant to this appeal, except to say that each of them claimed that their employment was terminated in retaliation for having, in good faith, reported to the FBI and, in Mr. Vildasol's case, to other authorities, what they perceived as criminal activity by Ms. Herrera and the Office of the Secretary of State.

{6} Mr. Flores filed a complaint against Ms. Herrera "individually and as Secretary of State" for having violated the Act. Mr. Vildasol filed a complaint against the Secretary of State's Office and Ms. Herrera claiming, in relevant part, that the Secretary of State's Office and Ms. Herrera had violated the Act.

{7} In each case, Ms. Herrera moved to dismiss the complaint for lack of subject matter jurisdiction, claiming that she could not be sued in her individual capacity for violating the Act, and also claiming that because she was no longer Secretary of State

3

she could not be sued in her official capacity. The district court in Mr. Flores's case granted Ms. Herrera's motion to dismiss on the ground that it lacked subject matter jurisdiction over the complaint because Ms. Herrera was no longer Secretary of State. The court further reasoned that Mr. Flores could not recover against Ms. Herrera in her individual capacity because "such recovery is inconsistent with the statute which protects 'public' employees from the acts of their 'public' employers." As to Mr. Vildasol's complaint, the district court denied Ms. Herrera's motion to dismiss.

{8}     On appeal, Mr. Flores argues that the district court erroneously differentiated between Ms. Herrera's individual and official capacities which, according to Mr. Flores, in the context of the Act is a meaningless distinction. Additionally, he argues that, contrary to the district court's interpretation, the Act applies to former public officials and that the district court's narrow interpretation of the Act was inconsistent with the liberal construction afforded to whistleblower statutes, generally.

{9}     In her appeal from the court's denial of her motion to dismiss Mr. Vildasol's lawsuit, Ms. Herrera argues that the Act does not permit claims against former officers, generally, nor does it permit claims against them in their individual capacity. Additionally, Ms. Herrera argues that because Mr. Vildasol does not now, nor did he ever, qualify as a "public employee" who "works for or contracts with a public employer[,]" he was ineligible to bring a lawsuit pursuant to the Act.

4

{10} We conclude that notwithstanding the fact that Ms. Herrera is a former officer, the Act permits an individual-capacity lawsuit against her for allegedly violating the Act while she was in office. We reject Ms. Herrera's argument that Mr. Vildasol was not a public employee. We reverse the district court's dismissal of Mr. Flores's complaint, and we affirm the district court's order denying Ms. Herrera's motion to dismiss Mr. Vildasol's complaint.

**DISCUSSION**

**Subject Matter Jurisdiction Is Not an Issue in These Appeals**

{11} At the outset, before we discuss the arguments raised by the parties, we address Ms. Herrera's and, in Mr. Flores's case, the district court's invocation of subject matter jurisdiction as a basis for dismissal of these matters. Pursuant to Rule 1-012(B)(1) NMRA, a party may move to dismiss a complaint for a lack of subject matter jurisdiction. "Subject matter jurisdiction" is the "power or authority to decide the particular matter presented." *Sundance Mech. & Util. Corp. v. Atlas*, 1990-NMSC-031, ¶ 12, 109 N.M. 683, 789 P.2d 1250 (internal quotation marks and citation omitted). The district court is vested with the power and authority to decide claims arising under the Act. Section 10-16C-4(A) ("An employee may bring an action pursuant to this section in any court of competent jurisdiction."); *see also* N.M. Const. art. VI, §§ 1, 13 (vesting the district court with the judicial power of the state

and stating that the district court has original jurisdiction over all matters not excepted within the Constitution).

{12} Having reviewed Ms. Herrera's motions to dismiss, we conclude that, notwithstanding her use of the phrase "subject matter jurisdiction," the issue raised in the dismissal motions was actually whether, pursuant to Rule 1-012(B)(6), Mr. Flores and Mr. Vildasol stated claims under the Act upon which relief could be granted. Similarly, although the district court's dismissal of Mr. Flores's case was ostensibly premised upon Rule 1-012(B)(1), the court's reasoning clearly invoked Rule 1-012(B)(6). A party's failure to state a claim upon which relief can be granted has no effect upon a court's subject matter jurisdiction. *See Sundance Mech. & Util. Corp.*, 1990-NMSC-031, ¶ 15. In sum, we conclude that the use of the phrase "subject matter jurisdiction" in the context of these cases was a misnomer, and Rule 1-012(B)(1) has no bearing on the issues now before us.

**Standard of Review**

{13} "A motion to dismiss for failure to state a claim under Rule 1-012(B)(6) . . . tests the legal sufficiency of the complaint[.]" *Cordova v. Cline*, 2013-NMCA-083, ¶ 18, 308 P.3d 975, *cert. granted*, 2013-NMCERT-007, 308 P.3d 134. Dismissal under Rule 1-012(B)(6) "is proper only when the law does not support a claim under the facts presented." *Vigil v. State Auditor's Office*, 2005-NMCA-096, ¶ 4, 138 N.M.

63, 116 P.3d 854. We review de novo the district court's decision to grant or deny a motion to dismiss, and in so doing, we accept all well-pleaded factual allegations as true. *Id.*

{14} As well, issues of statutory construction present legal questions that we review de novo. *Bank of N.Y. v. Romero*, 2014-NMSC-007, ¶ 40, 320 P.3d 1. Finally, because the Act reflects a remedial purpose, we construe its provisions "liberally to facilitate and accomplish its purposes and intent." *Lohman v. Daimler-Chrysler Corp.*, 2007-NMCA-100, ¶ 31, 142 N.M. 437, 166 P.3d 1091 (internal quotation marks and citation omitted); *Janet v. Marshall*, 2013-NMCA-037, ¶¶ 26, 32, 296 P.3d 1253 (Fry, J., dissenting) (recognizing that the provisions of the Act are remedial), *cert. dismissed*, 2013-NMCERT-005, 302 P.3d 1163.

**Ms. Herrera Is an "Officer"**

{15} Ms. Herrera argues that a "former officer" is not a "public employer" as that phrase is defined in the Act. She supports this proposition by reasoning that the Act uses the present tense version of the term "officer" in Section 10-16C-2(C)(4)[2]. In addition, she argues that because she no longer possesses any "sovereign power," she does not qualify as "an officer." Finally, Ms. Herrera contends that Section 10-16C-

---

[2] Section 10-16C-2(C)(1), (4) defines a "public employer" as "every . . . officer" within "state government[.]"

7

4(A) establishes that the Legislature intended to exclude former officers from the purview of the Act. That section provides that public employers that violate the Act "shall be liable to the public employee for . . . reinstatement with the same seniority status that the employee would have had but for the violation," which, obviously, a former officer would not be capable of doing.

{16} Building on the premise that the Act does not permit lawsuits against former officers, Ms. Herrera argues that the Act only permits lawsuits against officers in their "official capacity." Relatedly, relying on the language of the Act, she contends that the Act does not allow lawsuits to be brought against former officers in their individual capacity.

{17} In Section 10-6C-6, the Legislature provided the single limitation on the time within which lawsuits may be brought pursuant to the Act, that is, within two years from the date of the alleged violation. Had the Legislature intended to further limit the scope of the Act to officials who are presently in office, it could have done so explicitly. Ms. Herrera's attempt to infer an additional time limitation from the Legislature's use of the term "officer" to define a public employer is overly narrow and technical and does not accord with our policy of construing remedial statutes liberally. It is indisputable that Ms. Herrera's alleged retaliatory action that prompted these lawsuits occurred when she was an "officer" possessed of "a delegation of a

portion of the sovereign power of government, to be exercised for the benefit of the public." *Janet*, 2013-NMCA-037, ¶ 12 (internal quotation marks and citation omitted); *see* NMSA 1978, § 1-2-1(A) (2011) ("The secretary of state is the chief election officer of the state[.]").

{18}     Further, Ms. Herrera's argument that the Legislature intended to limit the window for filing a lawsuit under the Act because former officials lack the authority to reinstate terminated employees is also overly narrow and technical. In making this argument, Ms. Herrera overlooks the numerous other remedies that are available to a successful plaintiff pursuant to the Act and that do not require official authority, including the back pay and special damages remedies. *See* § 10-16C-4(A) ("A public employer that violates the provisions of the . . . Act shall be liable to the public employee for actual damages, . . . two times the amount of back pay with interest on the back pay[,] and compensation for any special damage sustained as a result of the violation."). Additionally, Ms. Herrera's argument assumes that the only actionable conduct under the Act is employment termination or demotion when, in fact, the Act broadly prohibits "any retaliatory action" against whistleblowers. Section 10-16C-3.

{19}     In sum, construing the Act broadly, we conclude that the Act does not limit actions against officers to those who are presently in office at the time the action is filed. The only limitation on the time for filing a lawsuit under the Act is found in

Section 10-6C-6, and we decline to add additional time limitations not provided for in the Act.

**The Act Permits Lawsuits Against Officers in Their Individual Capacity**

{20} The distinction between "official" and "individual" capacity lawsuits was explained by this Court in *Ford v. New Mexico Department of Public Safety*, 1994-NMCA-154, ¶ 18, 119 N.M. 405, 891 P.2d 546. We explained that a lawsuit "against a state official in her official capacity" is merely a way of suing "an entity of which an officer is an agent." *Id.* (internal quotation marks and citation omitted). The purpose of such a lawsuit is to remedy a wrongful deprivation caused by an "entity's policy or custom[.]" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (internal quotation marks and citation omitted) (distinguishing personal-capacity and official-capacity claims in federal civil rights actions). Thus, when an officer who is sued in her official capacity leaves office, the official's successor in office automatically assumes her official role in the litigation. Rule 1-025(D)(1) NMRA; *Ford*, 1994-NMCA-154, ¶ 18.

{21} On the other hand, when a state official is sued for her own misconduct in office, "the defendant is the individual, not the office[,]" and when she leaves office, her successor "is not substituted as the defendant in the litigation." *Ford*, 1994-NMCA-154, ¶ 19. Generally, "an award of damages against an official in [her]

10

personal capacity can be executed . . . against the official's personal assets[.]"[3] *Graham*, 473 U.S. at 166. Because Mr. Flores's and Mr. Vildasol's claims against Ms. Herrera are premised upon her alleged misconduct in office, namely, the act of terminating their employment in retaliation for their whistleblowing activities, Ms. Herrera was properly named individually as a defendant and sued in her personal capacity in their lawsuits.

{22} Ms. Herrera argues that, had the Legislature intended to allow individual capacity lawsuits, it would not have used the term "officer" to define a public employer, but instead, it would have used the term "person" or "individual" as it did

---

[3] We note that it is an open question, raised tangentially by Mr. Flores's brief in chief whether Ms. Herrera's defense of these lawsuits and any potential judgments, costs, or fees will be covered by the Office of the Secretary of State or by an insurance policy purchased through the public liability fund pursuant to the Tort Claims Act, NMSA 1978 §§ 41-4-1 to -30 (1976, as amended through 2013). *See, e.g.*, § 41-4-3(F)(1); § 41-4-4(B)(2) (providing that, unless an insurance policy that is purchased with the public liability fund provides a defense, a governmental entity must do so for any elected official when liability is sought for a violation of New Mexico law "alleged to have been committed by the [elected official] while acting within the scope of [her] duty"); § 41-4-23(B)(2); § 41-4-4(G) ("The duty to defend . . . continue[s] after employment with the governmental entity has been terminated if the occurrence for which damages are sought happened while the [elected official] was acting within the scope of duty while the [elected official] was in the employ of the governmental entity."). Because the district court's orders in these cases did not decide this issue, it is not properly before this Court on appeal, and we do not address it. We encourage the parties and the district court on remand to consider the effect, if any, of the seemingly relevant provisions of the Tort Claims Act upon Ms. Herrera's financial responsibility for the litigation of these cases.

11

in other legislation, including the New Mexico Human Rights Act and the New Mexico Tort Claims Act. *See* NMSA 1978, § 28-1-2(B) (2007) (defining an "employer" as that term is used in the Human Rights Act as "any person employing four or more persons and any person acting for an employer"); § 41-4-3(F)(3), (9) (using the terms "persons" and "individuals" in enumerating those to whom the definition of "public employee" applies in the context of the Tort Claims Act). We do not agree with Ms. Herrera's reasoning.

{23}   Had the Legislature intended in the Act to preclude "individual capacity" lawsuits against officers, it could have done so by altogether omitting the term "officer" from the definition of "public employer" in Section 10-16C-2(C)(4). This would have permitted Plaintiffs to file lawsuits against the "office" while prohibiting lawsuits against officers in their individual capacity for their alleged retaliatory actions against whistleblowers. *Cf. Ford*, 1994-NMCA-154, ¶¶ 18-19 (indicating that official-capacity lawsuits "should be treated as a suit against the [s]tate[,]" whereas individual-capacity lawsuits implicate an individual's misconduct in office (internal quotation marks and citation omitted)). By expressly including every "officer" within the definition of a "public employer," however, the Legislature expressed its intention to permit individual-capacity lawsuits against such officers. *See Janet*, 2013-NMCA-037, ¶¶ 1, 11, 23 (recognizing that "[t]he language in Section 10-16C-2(C) includes

entities as well as any officer of any of those entities[,]" thus, the question whether the defendants could be sued individually depended upon whether they were officers and recognizing that the Act holds "officers" liable for violations). To interpret the Act as prohibiting an individual-capacity lawsuit against an officer would be tantamount to concluding that the term "officer" in Section 10-16C-2(C)(4) was superfluous. This we will not do. *See Baker v. Hedstrom*, 2013-NMSC-043, ¶ 24, 309 P.3d 1047 (stating that an appellate court "must interpret a statute so as to avoid rendering the Legislature's language superfluous").

**Mr. Vildasol Was a Public Employee**

{24}    We turn now to Ms. Herrera's argument that Mr. Vildasol "is not and was not a 'public employee' who 'work[ed] for or contract[ed] with' former Secretary of State Herrera within the meaning of the [Act]." As noted earlier, the Act provides that "every office or officer of any" state government office constitutes a "public employer[,]" and a "public employee" is "a person who works for . . . a public employer[.]" Section 10-16C-2(B), (C)(1), (4). Further, the Act prohibits a "public employer" from taking "any retaliatory action against a public employee" for the enumerated whistleblowing actions listed in Section 10-16C-3.

{25}    In an attempt to insert ambiguity into the Act, Ms. Herrera attempts to exploit the fact that the Legislature did not define the phrase "works for" to support the

assertion that she cannot be named as a defendant in Mr. Vildasol's lawsuit. To that end, she argues that Mr. Vildasol was employed and paid by the State, not by her, and the fact that she "may have acted as Mr. Vildasol's supervisor at various points during his employment at the [Secretary of State's Office], does not change the reality that Mr. Vildasol was, at all times, an employee of the State of New Mexico, and not of Ms. Herrera's."

{26} As discussed earlier, there is no question that, as the Secretary of State, Ms. Herrera was an "officer" within the meaning of the Act. Assuming, as we must, the truth of the factual allegations in Mr. Vildasol's complaint, Ms. Herrera appointed Mr. Vildasol to his position as the office administrator for the Office of the Secretary of State, she controlled his duties and the extent of his authority during his tenure in her office, and she ultimately terminated his employment. In light of these facts, it would strain common sense to conclude that Mr. Vildasol did not "work for" Ms. Herrera.

{27} In summary, we conclude that Ms. Herrera was subject to the provisions of the Act notwithstanding the fact that she was no longer the Secretary of State shortly after Mr. Flores's complaint and prior to Mr. Vildasol's complaint. And we conclude that Ms. Herrera could be sued in her individual capacity for allegedly violating the Act during her term as Secretary of State. Relating to Mr. Vildasol's claim, we reject Ms.

14

Herrera's argument that she was not Mr. Vildasol's "public employer" or that he was not her "public employee" for purposes of the Act.

{28}    Accordingly, we conclude that (1) the district court properly denied Ms. Herrera's motion to dismiss Mr. Vildasol's lawsuit under the Act, and (2) the district court erred in dismissing Mr. Flores's lawsuit under the Act.

**CONCLUSION**

{29}    The district court's order granting Ms. Herrera's motion to dismiss Mr. Flores's case is reversed. The district court's order denying Ms. Herrera's motion to dismiss Mr. Vildasol's case is affirmed. The matters are remanded for further proceedings.

{30}    **IT IS SO ORDERED.**


_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**


_____
**RODERICK T. KENNEDY, Judge**


_____
**LINDA M. VANZI, Judge**