This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40908

**CHELSEA BETHKE,**

      Plaintiff-Appellant,

v.

**NEW MEXICO STATE UNIVERSITY,**

      Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**James T. Martin, District Court Judge**

Western Agriculture, Resource and Business Advocates, LLP
A. Blair Dunn
Jared R. Vander Dussen
Albuquerque, NM

for Appellant

Kemp Smith LLP
CaraLyn Banks
Las Cruces, NM

for Appellee

### MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** Plaintiff appealed following the dismissal of her complaint under the New Mexico Human Rights Act (NMHRA). We previously issued a notice of proposed summary disposition in which we proposed to affirm. Plaintiff has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

**{2}** The relevant background information and principles have previously been set forth. We will avoid undue reiteration here and focus instead on the content of the memorandum in opposition.

**{3}** Plaintiff continues to assert that the district court erred in concluding that the exclusion set forth in NMSA 1978, Section 41-4A-3(D) (2021), operates as a bar to her claim. [DS 3-8; MIO 2-5] The district court's determination was premised upon the plain language of the statutory subsection, which provides, "Individuals employed by a public body shall be prohibited from using the New Mexico Civil Rights Act to pursue a claim arising from the individual's employment by the public body." *Id.* Insofar as Plaintiff's complaint clearly specifies that her claim arises from her employment with Defendant, [RP 1-4] and insofar as Defendant is indisputably a public body for purposes of the NMHRA, [CN 2-3] the district court's determination was well founded.

**{4}** In her memorandum in opposition Plaintiff continues assert that the exclusion set forth in Subsection (D) should not apply because she is *no longer* employed with Defendant. [MIO 2-5] To that end, Plaintiff reads the term "employed" in the present tense only, contending that it "cannot simultaneously mean currently employed and previously employed[.]" [MIO 3] However, contrary to Plaintiff's assertions, the term "employed" is grammatically consistent with both current and past tense usages (i.e., an individual *is employed* or *was employed*). We therefore reject Plaintiff's argument. *See, e.g.*, *Flores v. Herrera*, 2015-NMCA-072, ¶¶ 15-19, 352 P.3d 695 (holding that a term compatible with both present and past tenses signified applicability with respect to both past and present employment status), *rev'd on other grounds*, 2016-NMSC-033, 384 P.3d 1070.

**{5}** Plaintiff further contends that the district court's reading of the statutory exclusion creates ambiguity. [MIO 2, 3] We disagree. The plain language makes clear that the statutory exclusion applies with respect to any individual "employed" by a public body, whose claim "aris[es] from the individual's employment by the public body." Section 41-4A-3(D). The fact that this provision is equally applicable to the claims of individuals currently and previously so employed does not render it ambiguous.

**{6}** In the final analysis, we conclude that adoption of Plaintiff's restrictive view of the exclusion set forth in Section 41-4A-3(D) would entail reading a limitation into the statutory language. This we decline to do. *See, e.g.*, *Flores*, 2015-NMCA-072, ¶ 19 (declining a similar invitation to read a temporal limitation into a statutory provision). *See generally Reule Sun Corp. v. Valles*, 2010-NMSC-004, ¶ 15, 147 N.M. 512, 226 P.3d 611 ("Under the plain meaning rule, when a statute's language is clear and unambiguous, we will give effect to the language and refrain from further statutory interpretation. We will not read into a statute language which is not there, especially when it makes sense as it is written." (internal quotation marks and citation omitted)).

**{7}** Accordingly, for the reasons stated in our notice of proposed summary disposition and above, we affirm.

**{8}** IT IS SO ORDERED.

MEGAN P. DUFFY, Judge

WE CONCUR:

JENNIFER L. ATTREP, Chief Judge

KATHERINE A. WRAY, Judge